1 Richard Alan Busalacchi
2 7772 West Tuckaway Shores Drive
3 Franklin, WI 53132
4 Phone: (414) 232-0709
5 Email: rabusalacchi@gmail.com
6
7 Pro Se

U.S. DISTRICT COURT,
EASTERN DISTRICT - WI 25-C-0387
FILED

2025 MAR 13 P 3:41

CLERK OF COURT

8

9                    UNITED STATES DISTRICT COURT
10
11                   EASTERN DISTRICT OF WISCONSIN
12
13                        MILWAUKEE DIVISION
14
15
16                          March 13, 2024
17
18
19 Richard Busalacchi
20
21            *Plaintiff*
22
23 v.
24
25 KRISTIN JASTROCH, former Director of Public
26 Relations and Special Events, Village of Greendale;
27 STEVE TAYLOR, Milwaukee County Supervisor;
28 KATHLEEN VINCENT, Milwaukee County Supervisor;
29 JOHN NELSON, Mayor of Franklin;
30 MICHELLE EICHMANN, Alderperson of Franklin;
31 JOHN CHISHOLM, Milwaukee County District Attorney
32 MADELINE WITTE, Milwaukee County Assistant District Attorney
33
34            *Defendants*
35
36

37

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1       Plaintiff sues Defendants KRISTIN JASTROCH in her official and individual

2 capacity as former Director of Public Relations for the Village of Greendale, STEVE

3 TAYLOR in his official and individual capacity as Milwaukee County Supervisor,

4 KATHLEEN VINCENT in her official and individual capacity Milwaukee County

5 Supervisor, JOHN NELSON in his official and personal capacity as the Mayor of

6 Franklin, WI, MICHELLE EICHMANN in her official and individual capacity as

7 Alderperson of the City of Franklin, WI, JOHN CHISHOLM in his official capacity as

8 Milwaukee County District Attorney, and MADELINE WITTE, in her official capacity

9 as Assistant Milwaukee County District Attorney.   The Plaintiff alleges the following:

10                                  **INTRODUCTION**

11     1.    This is a free-speech and due-process case on behalf of Plaintiff Richard

12 Alan Busalacchi who is a community activist and political blogger in Franklin,

13 Wisconsin.  Plaintiff brings this lawsuit against Defendants Kristin Jastroch ("Jastroch")

14 who is the former Director of Public Relations for the Village of Greendale and current

15 Executive Director of the South Suburban Chamber of Commerce, Steven Taylor

16 ("Taylor") who is a Milwaukee County Supervisor, Kathleen Vincent ("Vincent") who is

17 a Milwaukee County Supervisor, John Nelson ("Nelson") who is the Mayor of Franklin,

18 WI, Michelle Eichmann ("Eichmann") who is an Alderperson for the City of Franklin,

19 John Chisholm ("Chisholm") who is the former District Attorney for Milwaukee County,

20 and Madeline Witte, ("Witte") Milwaukee County Assistant District Attorney.

2

1     2.     At issue in this case is that the Defendant is a political blogger and

2 community activist who has requested multiple open records requests, filed ethics

3 complaints with the Milwaukee County Ethics Board (one which is pending release for

4 over 15 months by the Milwaukee County District Attorney's Office) and filed an US

5 Internal Revenue Service complaint alleging misuse of a 501(c)(3) against two

6 non-profits. As a result, the defendants conspired and retaliated against the Plaintiff for

7 exercising his First Amendment Rights and deprived the Plaintiff of his rights under the

8 color of law and denied the Plaintiff his Due Process under the Fourteenth Amendment.

9 Plaintiff further claims that the Defendant's motives in violating the Plaintiffs First

10 Amendment and Fourteenth Amendment Rights was an indifference to the constitutional

11 given right, driven with an evil motive, (animus) and intent, which was callous and

12 reckless toward harming the Plaintiff.

13     3.     The Plaintiff had a two-year controlling and manipulative extramarital

14 affair with Defendant Jastroch from 2019 to 2021. In an attempt to end the manipulation

15 by Defendant Jastroch, the Plaintiff wanted to prove Defendant Jastroch was cheating on

16 him and as a result Defendant Jastroch filed a Police report with the Greendale Police

17 Department for a non-violent altercation. The Plaintiff was warned by the Greendale

18 Police Department to stay away from Defendant Jastroch which the Plaintiff complied

19 with. Defendant Jastroch would later make first contact to "rekindle" her relationship

20 with the Plaintiff. Defendant Jastroch would publicly deny the affair and portray the

3

Plaintiff as a stalker. Defendant Jastroch shared the same fabricated story with the then

Greendale Village Manager Todd Michaels and threatened Michaels that if he did not

"take care" of the Plaintiff that Defendant Jastroch would file sexual harassment against

Michaels. Michaels then banned the Plaintiff for over a month from Greendale

Buildings and Parks without any dues process. Defendant Jastroch then used her office

and position with the Village of Greendale to publicly attack and defame the Plaintiff.

Defendant Jastroch was given a warning in writing by her supervisor to stop talking

about the Plaintiff but continued. Defendant Jastroch was fired from her position with

the Village of Greendale and would then would erroneously claim sexual harassment

against Michaels and the Plaintiff. Defendant Jastroch continued public defamation

against the Plaintiff spreading in the community that the Plaintiff was a stalker and

dispelling any notion to the truth that Defendant Jastroch had an affair with the Plaintiff.

The Plaintiff, exercising his First Amendment Rights then created an online blog to

expose the truth about Defendant Jastrochs lies about the Plaintiff using public records,

emails, and texts.

4.     The Plaintiff received written threats from Defendants Taylor and Nelson,

as a result of blogging about corruption in Franklin, WI in addition to numerous attacks

from Defendant Taylor in public online posts. In fulfilment of the threats, the

Defendants, Vincent, Taylor and Nelson conspired with Defendant Jastroch to have her

file a restraining order against the Plaintiff to retaliate against the Plaintiff for exercising

his First Amendment rights in blogs that exposed corruption in Franklin pertaining to

4

Defendants Taylor, Nelson, and Vincent and exposing the lies circulated about the Plaintiff by Defendant Jastroch. In the restraining order and in the subsequent de novo hearing which was upheld, Defendant Jastroch asked that the Court, and the Court granted to not allow the Plaintiff to post about Plaintiff Jastroch on social media and that the Plaintiff not be allowed to publish the transcripts of the court proceedings online. Both actions by the Court, an overreach of the restraining order, which allowed Defendant Jastroch working in collusion with Defendants Taylor, Nelson, Vincent, and Eichmann to maintain the fabricated story that the Plaintiff was a stalker, infatuated with her, and that Defendant Jastroch never had an affair with the Plaintiff. After the restraining order was issued, the Defendants Taylor, and Vincent used their elected positions and office of County Supervisor inappropriately and solicited the assistance of Defendant Chisholm prior to the de novo restraining order hearing to "take down" the Plaintiff. After the order was upheld, the Defendants, Taylor and Vincent, further used their offices and elected positions illegally and solicited the assistance of Defendant Chisholm to build a case against the Plaintiff. The conspired plan was to ultimately have the Plaintiff charged and convicted with breaking a restraining order to silence him for exercising his First Amendment Rights. Defendant Jastroch with the assistance of Defendant Taylor would submit over 15 false and misleading police reports in an attempt to have the Plaintiff convicted with breaking the restraining order. Each of the police reports filed by Defendant Jastroch had to do with an infringement on the Plaintiffs First Amendment Rights. None of the police reports filed contained physical

5

1 violence, stalking, harassment, intimidation, or threats aimed at the Defendant Jastroch.

2 The Plaintiff was charged and sentenced with a misdemeanor violation of breaking a

3 restraining order and is appealing the Circuit Court's decision and sentence to the

4 Wisconsin Appellate Court. Defendant Witte retaliated against the Plaintiffs First

5 Amendment Rights, by claiming, in the Plaintiffs sentencing hearing, that the

6 submission of an Ethics Complaint violated the restraining order. Additionally,

7 Defendant Witte would allow Defendant Jastroch to introduce false and misleading

8 claims that were in Police reports and Defendant Witte knew were false. Defendant

9 Witte had a duty to the Tribunal to correct the error(s) and take remedial action, which

10 Defendant Witte did not do, violating the Plaintiffs Due Process . Ultimately the

11 Plaintiff was falsely imprisoned in a conspiracy of retaliation, under the color of law,

12 for exercising his First Amendment Rights.

13     5.     Defendant Nelson on multiple occasions lied about possessing open

14 records requested by the Plaintiff pertaining to interfering with the Plaintiffs

15 employment in addition to other requested records and not producing such records.

16 Defendant Nelson conspired with Defendants Taylor and Jastroch to interfere with the

17 Plaintiffs Employment at Milwaukee Area Technical College which forced the Plaintiff

18 to retire at the age of 55 after working at MATC for 33 years. Defendant Nelson

19 weaponized the Franklin Police Department against the Plaintiff by having a Franklin

20 Police Officer threaten the Plaintiff for no reason prior to the Plaintiff making public

21 comments at a Franklin Common Council Meeting and at another Common Council

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1   meeting the Defendant calls the Plaintiff a liar during public comments and threatens to

2   kick the Plaintiff out of the meeting. Defendant Nelson bribed the Plaintiff in exchange

3   for having the Franklin Police Department investigate the Plaintiffs retaliation claims

4   against Defendants Jastroch and Taylor to withdraw an open records request of

5   Defendant Nelson's Milwaukee County Personnel File. Defendant Nelson promised the

6   Plaintiff that in return, Defendant Nelson would agree to provide a police investigation

7   by the Franklin Police Department. Chief Liermann of the Franklin Police Department

8   was aware of this bribe and other instances of Defendant Nelson weaponizing the

9   Franklin Police Department and chose on multiple occasions to not investigate

10   Defendant Nelson or refer the matter(s) to another agency for investigation. Defendant

11   Nelson was aware of a request for a subpoena against a Facebook page owned by

12   Defendant Jastroch "Kat Fish" and informed Defendant Taylor who contacted a former

13   colleague and now part-time ADA Tony Staskunas to decline the warrant. Defendants

14   Nelson and Taylor interfered with an investigation and violated the Plaintiffs Due

15   process.

16         6.     Defendant Nelson in conspiracy with Defendant Eichmann publicly

17 threatened the Plaintiff during a Franklin Common Council meeting and indicated they

18 could not get the Plaintiff for defamation but were "working on other ways." Defendants

19 Nelson and Eichmann filed a complaint with the Franklin Police Department alleging a

20 blog post by the Plaintiff was threatening to them and had a municipal citation from the

21 City of Franklin Police issued for Disorderly Conduct to the Plaintiff in retaliation for his

7

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

publishing a blog to retaliate against the Defendants First Amendment Rights. Acting under the color of law to retaliate against the Plaintiffs First Amendment Rights. Defendants Eichmann, Taylor, and Jastroch worked with Greendale Resident Joe Russ and set up a Facebook online sting to entrap the Plaintiff into violating the restraining order and provided the information the next day to Defendant Jastroch. When the Plaintiff was booked into the Milwaukee County Community Reintegration Center, Defendant Nelson obtained a non-public screen shot of the Plaintiffs booking information, information only available from a law enforcement system, and shared with other individuals including Defendant Vincent. While the Plaintiff was serving his sentence at the Milwaukee County Community Reintegration Center Defendants Taylor and Vincent contacted the Superintendent Chantell Jewell and the Assistant Superintendent of the facility Anthony Dodds to complain about the Defendant being on line during Huber release and to have the Defendant reprimanded by MCCRC Staff Violating the Plaintiffs First Amendment and Due Process rights.

7.     Defendant Taylor shared with Defendants Nelson, Eichmann, and Vincent that he, Defendant Taylor, is now aware that everything Defendant Jastroch told Defendant Taylor about the Plaintiff being a stalker and harassing Defendant Jastroch is not true, and the Plaintiff did in fact have a two year affair with Defendant Jastroch contrary to her deceit and denial. Defendant Taylor stated he now knows that Defendant Jastroch lied to him and used him. Defendant Taylor shared publicly he now believes

8

1 what the Plaintiff had claimed all along is true and Defendant Taylor is sorry for what he

2 had done to the Plaintiff. Defendant Taylor further indicated he is now going to go after

3 Defendant Jastrochs' employment at the South Suburban Chamber of Commerce.

4 Defendant Taylor admits in these direct statements that he conspired and retaliated

5 against the Plaintiff First Amendment Rights.

6 ## I.   JURISDICTION AND VENUE

7 8.    Plaintiff brings this action pursuant to 42 U.S.C §1983 for violation of

8 civil rights under the First Amendment to the United States Constitution in addition to

9 action under 18 U.S.C § 1030 commits fraud and related activity in connection with

10 computers. Plaintiff also brings state claims for violation of Article 1, Section 3 and

11 Section 4 of the Wisconsin Constitution.

12 9.    This Court has subject-matter jurisdiction over this matter pursuant to 28

13 U.S.C. § 1331 (federal questions), § 1343(a)(2) (civil rights violation), § 2201

14 (declaratory relief), and § 1367 (supplemental jurisdiction over state law claims).

15 10.    Venue is proper in this judicial district and division pursuant to 28 U. S. C.

16 § 1391(b). Based upon information and belief, the unlawful practices complained of and

17 that give rise to the claims herein occurred within this district and division.

18 ## II.   PARTIES

19 11.    Plaintiff is a retired Vice President from Milwaukee Area Technical

20 College after serving 33 years and is community activist and blogger who maintains

9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 FCNewsWI.com.  Plaintiff was an active member of the Greendale WI community for

2 over 15 years before moving to Franklin, WI in 2020.

3      12.     Defendant Jastroch previously held the position of Director of Public

4 Relations for the Village of Greendale and is Currently the Executive Director of the

5 South Suburban Chamber of Commerce.  She is sued in her previous official capacity and

6 individually.

7      13.     Defendant Taylor is a Milwaukee County Supervisor, Executive Director

8 of ROC Foundation, owner of Steve Taylor Consulting and Ex-Officio Board Member of

9 Engage Franklin.  He is sued in his official and individual capacities.

10      14.     Defendant Vincent is a Milwaukee County Supervisor and Board Member

11 of the Greendale School Board.  She is sued in her official capacity as Milwaukee County

12 Supervisor and in her individual capacities.

13      15.     Defendant Nelson is the Mayor of Franklin and a former Lieutenant with

14 the Waterford Police Department.  He is sued in his official capacity as Mayor and in his

15 individual capacities.

16      16.     Defendant Eichmann is an Alderperson for the City of Franklin.  She is

17 sued in her official and individual capacities.

18      17.     Defendant Chisholm is the former District Attorney for Milwaukee

19 County.  He is sued in his official capacity.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE DAMAGES

1    18.    Defendant Witte is the Assistant District Attorney for Milwaukee County.

2  She is sued in her official capacity.

3                    III.    STATEMENT OF FACT

4    19.    On February 2, 2022, Defendant Jastroch made false claims and

5  accusations that the Plaintiff was stalking and harassing her in an attempt to conceal her

6  relationship with the Plaintiff from becoming public. The Greendale Police, based on

7  Defendant Jastrochs' request, asked the Plaintiff to not have any contact with Defendant

8  Jastroch.  On February 3, 2022, defendant Jastroch threatened then Village Manager Todd

9  Michaels that if he did not "take care" of the Plaintiff, that she would file sexual

10  harassment and discrimination against him, Michaels.  On February 4, 2022, Village

11  Manager Michaels sent an email to all Village Board Members and Village department

12  heads indicating the Plaintiff was banned from all Greendale Buildings.  The Village of

13  Greendale publicly convicted the Plaintiff and publicly announced it.  Defendant Jastroch

14  at no time indicated with the Village that she had a two-year affair with the Plaintiff.  The

15  Village of Greendale provided no Due Process to banning the Plaintiff from public

16  properties and buildings nor does the Village of Greendale Ordinances address such bans.

17  The Jeanie was out of the bottle and it could not be put back in, exactly what Defendant

18  Jastroch wanted for the Village of Greendale to give credibility to her story which was

19  not true.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1      20.      On February 22, 2022, the Village of Greendale obtained the services of

2 Buelow/Vetter to conduct an investigation into Defendant Jastrochs claims.  On February

3 27, 2022 the Plaintiff filed a formal complaint against Defendant Jastroch of Harassment,

4 Intimidation, and Defamation of Character to the Greendale Village Board.  On March 8,

5 2022, the Plaintiff met with the Villages attorney Buelow/Vetter to discuss his concerns.

6 On March 10, 2022, Buelow/Vetter completed their investigation and found no evidence

7 of sexual harassment or discrimination by then Manager Michaels.  On March 11, 2022,

8 the Plaintiff received an email indicating the ban was rescinded.  However, the public

9 damage was done by Defendant Jastroch further intentionally labeling and publicly

10 sharing during her work hours the Plaintiff is a stalker and harassing Defendant Jastroch

11 and Defendant Jastroch publicly disseminating information about the ban.  Giving further

12 public credibility to her claim.  On March 24, 2022, Defendant Jastroch was given a

13 written notice from her then supervisor, Sarah Weishar, Assistant Village Manager, that

14 any concerns about the Plaintiff be brought to her and not discussed elsewhere.  This was

15 a violation of the Plaintiffs Fourteenth Amendment Rights.

16      21.      From February 2, 2022, thru April 9, 2022 the Plaintiff abided by the no

17 contact order.  On April 9, 2022 Defendant Jastroch initiated contact with the Plaintiff to

18 reestablish a friendship.  Defendant Jastroch was fired from her employment with the

19 Village of Greendale on August 16, 2022, and publicly blamed the Plaintiff.  As a result

20 Defendant Jastroch started to turn a community that the Plaintiff had been an integral part

12

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 of and actively involved in for 15 years as an active school parent, community volunteer,

2 and former Village Board Member against the Plaintiff. The Plaintiff then started a

3 community blog to expose the truth about Defendant Jastrochs lies, deception, and

4 defamation against the Plaintiff using open records, texts, and emails to prove his

5 innocence to the community and taking responsibility publicly and to his family for

6 having the affair. The Plaintiff received a cease and desist demand on publishing the

7 blogs claiming possible defamation from Defendant Jastroch. As a result of Defendant

8 Jastroch being a "public official", the Plaintiff ignored the request as everything

9 published was true and factual and Defendant Jastroch was violating the Plaintiffs First

10 Amendment Rights.

11     22.    Upon Defendant Jastrochs' firing from the Village of Greendale the

12 Defendant demanded $100,000 from the Village of Greendale and a year's worth of

13 benefits. The demand indicated Defendant Jastroch would be happy to receive $60,000

14 and one year of COBRA. Defendant Jastroch claimed in the demand letter sexual

15 harassment by then Village Manager Todd Michaels and against the Village for allowing

16 the Plaintiff to harass the Defendant. On September 19, 2022, Defendant Jastroch

17 received a settlement proposal specifically including why she was fired. On October 18,

18 2022, Defendant Jastroch signed a settlement agreement with the Village of Greendale

19 that would pay the defendant $14,300 and three months of COBRA.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1     23.     On April 5th, 2023, the day after the April spring election, the Plaintiff

2 shifted his focus from his former hometown of Greendale, to his current hometown of

3 Franklin and published a blog, Franklin Community News. The Plaintiff partnered with

4 Kevin Fisher, a former journalist in addition to a community advocacy group, Citizens

5 Against Sound at Ballpark Commons, to cover corruption in Franklin. The initial blogs

6 focused on the newly elected  Mayor Nelson's alliances; Defendant Nelson, with

7 Defendant Taylor and the CEO of ROC Ventures Michael Zimmerman providing a ROC

8 Friendly Mayor.  On April 11, 2023 the Plaintiff met with Defendants Taylor and newly

9 elected Mayor Nelson to confirm facts that Defendant Nelson was going to offer the

10 Director of Administration position to his election campaign chair Kelly Hersch, who has

11 no previous experience in or background in Public Administration and was going to fire

12 the current Director of Economic Development and offer the job of Director of Economic

13 Development to Defendant Jastroch who has no previous experience, background, or

14 degree(s) in Economic Development.

15     24.     On April 14, 2023, Defendant Taylor sent the Plaintiff the following

16 message after the Plaintiff published blogs exposing corruption between Defendants

17 Taylor, Nelson, and Zimmerman and meeting with Defendants Taylor and Nelson.

18     "I am already done with you.  What a waste of time meeting with you"
19     "I will talk with Mike and John because you are nothing but trouble"
20     "I am done with you.  We will handle you accordingly"
21

14

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 On April 23, 2023 the Plaintiff sent an Ethics Complaint to the Milwaukee County Ethics

2 Board and Milwaukee County Corporation Council with claims of nepotism, collusion,

3 conflict of interest, retaliation and harassment. The complaint was eventually dismissed

4 by the Ethics Board.

5      25.     On May 1, 2023, defendant Jastroch filed a restraining order with the

6 assistance of defendants Taylor, Vincent, and Mike Zimmerman, CEO of ROC Ventures.

7 The restraining order was filed because the Plaintiff was exercising his First Amendment

8 rights to expose the lies and corruption of Defendants Taylor, Nelson, Eichmann, and

9 Jastroch. This restraining order was a collusion by the named Defendants, in retaliation

10 and under the color of law for the Plaintiff exercising his First Amendment Rights. Prior

11 to the initial police report that was filed by Defendant Jastroch on February 1, 2022, no

12 subsequent police report(s) was filed by Defendant Jastroch making any claims of

13 harassment by the Plaintiff.

14      26.     On May 15, 2023 the Injunction was granted by Milwaukee County

15 Circuit Court Judge Hannah Dugan. In addition to the no contact order, the judge

16 ordered no social media posting pertaining to Defendant Jastroch and Defendant Jastroch

17 asked additionally that the transcripts of the hearing not be published online. Requests

18 were granted by the judge. If the court transcripts were released, it would prove that

19 Jastroch had lied about her relationship with the defendant and her version of the truth

20 was not correct. An overreach of the issued Injunction and violation of the Plaintiff's

15

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 First Amendment Rights to not be allowed to blog on a Defendant Jastroch who was a

2 "public official" and now a "public figure".

3     27.    May 15, 2023, thru November 30, 2023 Defendant Jastroch with the

4 assistance of Defendant Taylor filed multiple police reports against the Plaintiff in an

5 attempt to have the Plaintiff charged with breaking the restraining order. In many of

6 these reports Defendant Jastroch was untruthful to the police and provided false and

7 misleading information to police. In all of the police reports filed by Defendant Jastroch,

8 the reports directly relate to the Plaintiff's First Amendment Rights. Defendants Vincent

9 and Taylor conspired, under the color of law, to attack the Plaintiffs First Amendment

10 Rights and to have the Plaintiff charged prior to the scheduled November 30, 2023, de

11 novo hearing. The Defendants Taylor and Vincent, abused the power of their elected

12 office and solicited the assistance of Defendant Milwaukee County DA Chisholm and

13 Milwaukee ADA Potter to "take care of the Plaintiff" because he was exercising his First

14 Amendment Rights and speaking out against Defendant Taylor, exposing his corruption

15 along with that of his colleagues Defendants Nelson, Vincent and Eichmnann.

16     28.    On November 30, 2023 the restraining order was upheld. In addition to the

17 no contact order against Defendant Jastroch, the judge ordered, based on Defendants

18 Jastrochs request, no social media posting pertaining to Defendant Jastroch and

19 Defendant Jastroch asked additionally that the transcripts not be published online by the

20 Plaintiff or a third party. Requests were granted by Judge Dugan. If the court transcripts

21 were released, it would prove that Defendant Jastroch had lied about her relationship with

16

1 the defendant and her version of the truth was not correct. An overreach of the issued

2 Injunction and violation of the Plaintiff's First Amendment civil Rights civil rights to not

3 be allowed to blog on Defendant Jastroch a "public figure".

4    29.    On December 28, 2023, Defendant Nelson sent an email to Defendant

5 Taylor and Mike Zimmerman indicating interfering with the Plaintiffs Employment. In

6 Conversations Defendant Taylor had with Defendant Vincent, Defendant Taylor made it

7 clear that Defendant Taylor has connections with people at the Milwaukee Area

8 Technical College (MATC) and was going to let them know what was going on with the

9 Plaintiff. From September 2023 to January 2024 Defendants Taylor and Nelson sent

10 emails from their government accounts to the MATC President and members of the

11 MATC Board of Directors to interfere with the Plaintiffs employment in a conspiracy and

12 in retaliation for the Plaintiff exercising his First Amendment Rights. Defendants Taylor,

13 Nelson, and Mike Zimmerman sent a combined 735 emails to 171 individuals at MATC

14 and Defendant Taylor sent 154 emails to 26 individuals at MATC from a fake account.

15 Defendant Nelson, at a lunch with the Plaintiff on July 5, 2024, indicated that he called

16 the MATC President directly to complain about the Plaintiff. On February 13, 2024, the

17 Plaintiff worked his last day at MATC after a 33 year career and officially retired on

18 April 4, 2024 as approved in the MATC Board Minutes. The Plaintiff was forced to retire

19 as a result of the conspiratorial and retaliatory actions of Defendants Nelson, Taylor, and

20 Jastroch interfering in the Plaintiffs' employment because he was exercising his First

21 Amendment rights which were not in political alignment with the defendants. There is no

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

mention in any document by MATC that the Plaintiff was fired. On January 15, 2024, the

Plaintiff submitted an Ethics Complaint to the Milwaukee County Ethics Board claiming

that Defendant Taylor benefited financially from approval and rezoning to develop the

Rock and that Mike Zimmerman CEO of ROC Ventures also benefited from Defendant

Taylor.  Defendant Taylor was given the position of Executive Director, ROC

Foundation, by Zimmerman.  The allegations also include that Defendant Taylor

benefited personally by using Steve Tayor Consulting to pay Defendant Taylor a

consultant's fee in addition to his salary and to use Taylor Consulting to charge for

services relating to permitting and rezoning for Ballpark Commons while he was

simultaneously both a County Supervisor and Franklin Alderperson.  This Ethics

investigation request is currently pending release from the Milwaukee District Attorney.

Defendant Taylor in October of 2024, would then introduce a County Budget amendment

to fund Milwaukee Area Technical College (MATC) FAST Fund: The amendment

allocates $200,000 to continue supporting the MATC Faculty and Students Together

(FAST) Fund, which helps students facing barriers such as housing insecurity and food

shortages. In this twisted quid pro quo, the FAST Fund is not a fund administered by the

MATC Foundation, the fund is managed externally by the MATC Faculty Union, local

212.

30.     On February 22, 2024, Defendant Nelson used his authority as the mayor

overseeing the Franklin Police Department in retaliation for the Plaintiffs First

Amendment rights by having an officer threaten the Plaintiff just prior to the Plaintiff

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 delivering public comment to the Franklin Common Council.  On February 22, 2024,

2 immediately after the Franklin Common Council meeting at 9:06pm Defendant Nelson

3 sent the same email he sent to Defendant Taylor and Mike Zimmerman on December 28,

4 2023, to the President of MATC, Vicki Martin, 9 days after he was aware and knew the

5 Plaintiff was no longer working at MATC.  On March 5, 2024, at a Franklin Common

6 Council meeting, Defendant Nelson interrupted the Plaintiff during his public comment,

7 called the Plaintiff a liar, and threatened to kick the Plaintiff out of a public meeting

8 because the Plaintiff was exercising his First Amendment Rights and what the Plaintiff

9 was saying was against the Mayor.

10     31.     On March 5, 2024 Defendant Neilson violated the Wisconsin Open

11 Records Law by not providing records to his personal (John.1968Nelson@gmail.com)

12 email account and the (jnelson@waterfordpd.com) email account.  Defendant Nelson

13 denied having records as part of an open records request to the City of Franklin from the

14 Plaintiff when in fact Defendant Nelson knowingly had the records and was untruthful in

15 his written response. Defendant Nelson again On March 21, 2024, violated the open

16 records law.   An open records request was made to Defendant Nelson's employer, the

17 City of Waterford, requesting a specific records query search of City of Franklin Records.

18 The initial response was that there were no records that matched the inquiry.  After a

19 follow-up email to the Interim Waterford Police Chief, William Jeschke indicating that

20 the Plaintiff was already in possession of a portion of the records request from another

21 source, Jeschke replied indicating that there was an issue with the data search function,

19

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 and they now have the records requested. It was later confirmed that Defendant Nelson,

2 a Lieutenant employed by the Waterford Police Department, was responsible for fulfilling

3 Waterford Police Department open records requests. Intentionally withholding or

4 concealing public records with the intent to defraud, hinders the public's ability to access

5 information, which is crucial for a functioning democracy and is a violation of the First

6 Amendment's values and the rights of the Plaintiff.

7       32.     On March 24, 2024, the morning of the Plaintiffs retirement party at

8 10am, Defendant Jastroch created a Facebook page "Kat Fish" and sent messages to the

9 Plaintiffs children, the 150 attendees who attended the event, and 124 individuals who

10 indicated they might attend the party three hours later at 1pm. The message also included

11 five screen shots of the Plaintiff's case records from CCAPS.

12 *"Your father is a serial stalker with a 4-year restraining order. It was granted in May in*
13 *which he appealed, and it was reaffirmed in November. The Judge called him incredibly*
14 *uncredible. He was fired by MATC on February 15 and walked out of the building by*
15 *security. Retirement party is another lie meant to cover up his behavior. If I were you,*
16 *I'd change your last name because of your disgusting father"*

17 There are multiple instances including court transcripts and police report transcripts

18 where Defendant Jastroch indicates falsely that the Plaintiff was fired by MATC. There

19 was never any mention by MATC that the Plaintiff was fired. On May 7, 2024, Taylor in

20 an email indicated falsely.

21 *"Taylor said to me you were fired and were walked out for sending personal emails on*
22 *MATC time.....Taylor also told me the retirement was a cover-up for your termination. I*
23 *have known Steve Taylor to be a very vindictive person against people he dislikes or*

20

1 *those who do not agree with him. I know individuals who have suffered both personally*
2 *and professionally at the hands of Taylor."*
3
4 This is continued retaliation and workplace interference by Defendants Jastroch and

5 Taylor for exercising my First Amendment Rights.

6       33.    On April 10, 2024, Defendant Jastroch filed a report with the Greendale

7 Police Department indicating that the Plaintiff violated the restraining order because he

8 filed a complaint with the City of Franklin that contained Defendant Jastrochs name in it.

9 Additionally, the Plaintiff mistakenly posted the letter on a Facebook post in a heated

10 exchange, without removing the Plaintiffs name and corrected the oversight within 5

11 minutes. This all occurred on a Waterford Facebook Page that Franklin individuals

12 (Defendants Taylor and Eichmann) would not be part of. Evidence proves that

13 Defendant Eichman, Franklin Alderwoman joined the group on April 7, 2023, and

14 Defendant Taylor, Franklin/Oak Creek Supervisor and Joe Russ, Greendale Resident

15 joined the group on April 9, 2024 the same day the screenshot was taken. This was a

16 planned sting by these individuals to entrap the Plaintiff. The individuals mentioned all

17 removed themselves from the Waterford group by April 30, 2024. Transcripts will

18 indicate that Defendant Jastroch would receive the screen shots from Defendants

19 Eichmann and Taylor and the Franklin complaint from Defendant Nelson without doing

20 an open records request. None of the information posted was threatening, intimidating,

21 or harassing to Jastroch. In fact, the information posted for as brief as it was was a

22 previous complaint sent to the Franklin Common Council. The incident described was

21

read in charge to the indictment which was an entrapment, conducted in a conspiracy with the intent to retaliate against the Plaintiff, acting under the color of law, and an overreach of the restraining order violating the Plaintiffs First Amendment Rights. Nelson made the following comment to his ex-wife Jackie Nelson about the Plaintiff, "if I ever caught him alone I would beat the shit out of him"

34.     In the April 10, 2024, transcript of Defendant Jastrochs complaint to the Greendale Police Department, Defendant Jastroch also indicates and validates a claim that the Plaintiff made in the Ethics Complaint to the Milwaukee County Ethics Board that Defendants Taylor and Vincent used their elected positions to provide access and assistance to Defendant Chisholm's office.  This access was based on the false belief presented by Defendants Taylor, Vincent, and Jastroch that the Plaintiff has continually harassed Defendant Jastroch since the February 2, 2022 Greendale Police report.  This is also confirmed by statements made by Defendant Vincent.  Evidence will be provided to show that this is not the first time Defendant Taylor used the office of Milwaukee County Supervisor to solicit a favor from the District Attorney's office using Defendant Chisholm.  Additional evidence will show that in 2000, Defendant Taylor was convicted of a misdemeanor of violating a restraining order and given a deferred prosecution agreement. The following year Defendant Taylor was charged with a misdemeanor of obstructing an officer by a jury trial relating to the violation of the restraining order. These actions continue to show that the Defendant Taylor plans of retaliation against the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE DAMAGES

1 Plaintiff were premeditated and the Plaintiffs were working in a conspiracy to retaliate

2 against the Plaintiffs First Amendment Rights and Due Process.

3    35.    On April 23, 2024, the Plaintiff was arrested by the Greendale Police

4 Department and charged with breaking a restraining order.  The Plaintiff pleaded to one

5 charge of violating the restraining order.  Prosecuting ADA Witte consulted with Team

6 Captain ADA Schoep and would not provide a deferred prosecution agreement because

7 of a previous police report that was submitted to the ADA marked no-process (which

8 was not truthful and contained false and misleading by the Defendant Jastroch) but

9 offered a no contest plea.  The no contest plea was later taken off the table in an

10 overreach of the restraining order by ADA Witte. The Plaintiff, exercising his First

11 Amendment rights, submitted an ethics complaint to the Milwaukee County Ethics

12 Board striking out every mention of the Defendant's name Kristin Jastroch and in

13 transcripts submitted with the ethics complaint, replaced Defendant Jastroch's name with

14 a pseudonym "Summer."  On May 9, 2024, Defendant Taylor obtains the Plaintiffs

15 booking picture and sent it to former Franklin Mayor Steve Olson and former WTMJ

16 Reporter and co-Administrator of Franklin Community News Facebook Kevin Fisher via

17 text message.  This continues to show the animus Defendant Taylor has for the Plaintiff.

18    36.    Count One, which the Plaintiff was charged with indicates, "the order

19 specifically prohibited the Defendant from posting anything related to Plaintiff Jastroch

20 on any electronic platform." This charge was based on an email which is not posted to an

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

electronic platform. The email that was sent to the President and Board of the South

Suburban Chamber was not about Plaintiff Jastroch but was about the Chamber President

and the Board  The board held a double standard to the Board President for admonishing

him publicly for supporting a candidate for County Supervisor.  According to the

provisions in their by laws, the standard was held to the Board President, but not

Defendant Jastroch as their paid Executive Director and public figure[SO2] . The

Chamber President was forced to publicly retract the endorsement, as required in their

by-laws, because of a complaint filed by Defendant Taylor. The point of the letter was

that the President of the Chamber should have never been admonished and publicly

required to retract his endorsement of a political candidate as required by the Chambers

by Laws. There was nothing in the email letter sent on behalf of the Concerned Citizens

of Greendale and Franklin with Sound at Ballpark Commons to the Chamber President

and Board Members that contained threats, intimidation, harassment, or threats of

violence, knowingly or intentionally pertaining to Defendant Jastroch.  The letter was not

directed to Defendant Jastroch but to the President and Board of the South Suburban

Chamber. There is no indication in the charge, police report, or video of complaint from

Defendant Jastroch that Defendant Jastroch complained that she or her employer were

being harassed or intimidated.  Defendant Jastroch only identified that an email letter was

sent to the local Chamber of Commerce, and she was mentioned in it. Sending an "email"

is not "posting" on an electronic platform as defined in the injunction.  This is an

overreach of the injunction and a violation of my First Amendment rights.  Based on the

24

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

injunction, and Judge Dugan's order this charge should not have been issued by the DA's office. However, the DA's office was doing whatever they could as a favor for Defendant Taylor with the assistant of Defendant Vincent to incriminate the Plaintiff for exercising his First Amendment Rights.

37.     On June 10, 2024, during the first court hearing and for the following three court hearings, Defendants Taylor and Vincent would misuse their public office and direct their shared Legislative Assistant to attend the Plaintiffs hearings, take notes, and report back to them with the information from the hearings. This practice was stopped when the Plaintiff filed a complaint with the Milwaukee County Fraud, Waste, and Abuse office. In another misuse of elected office and Due Process, Defendant Taylor had Defendant Jastroch in his County office during the hearings after Defendants Taylor and Vincent were told in a memo from Milwaukee County Clerk George Christenson, it is inappropriate to use Legislative Aides for personal business. Defendant Taylor had the Victims Witness Advocate for Defendant Jastroch text Defendant Jastroch what was happening during the court proceedings to Defendant Jastrochs cell phone while she was in Defendant Taylors office during the hearings. Defendant Taylor would then personally recommend in October 2024, an amendment to the County Budget, which would be approved "Support for the Office of the District Attorney: $118,950 has been allocated to retain two Victim Witness Advocate positions, which had previously been federally

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE DAMAGES

funded. Defendant Taylor was using his office for personal gain and a quid pro quo with the District Attorney's office.

38.     On July 5, in a lunch meeting with Defendant Nelson, Defendant Nelson bribed the Plaintiff in return for the Plaintiff withdrawing a public records request the Plaintiff made for Defendant Nelson's personnel file as former Deputy Sheriff with Milwaukee County. During this meeting, Defendant Nelson stood up at the table, lunged over the Plaintiff and put his fist in the Plaintiffs face to threaten him. Defendant Nelson would promise to have the police investigate the Plaintiffs concerns of retaliation by Defendants Jastroch and Taylor. Defendant Nelson set up a special meeting with Defendant Police Chief Liermann and the Plaintiff to discuss how to proceed. In return for the Plaintiff meeting with Franklin Police Detective Zalewski the Plaintiff would then withdraw his records request from Milwaukee County. Using his elected position as Mayor, Defendant Nelson interfered with this police investigation and the Plaintiffs Due Process by unlawfully providing information pertaining to the Plaintiffs investigation by the Franklin Police Department pertaining to Defendant Jastroch to Defendant Taylor. The Plaintiff was informed by Franklin Detective Zalewski on Monday, August 7, 2024, that the Detective consulted with an Assistant District Attorney and was advised by the ADA that their was probable cause based on the Plaintiff's complaint, to file for a formal search warrant for Defendant Jastroch's Facebook page and that of an alias of "Kat Fish" Facebook Page. On Tuesday, August 7, 2024, the Plaintiff was informed that Defendant

26

1 Nelson talked to Defendant Taylor on August 6, 2024, and informed Defendant Taylor

2 that the Franklin Police Department was submitting a search warrant for Defendant

3 Jastrochs' FaceBook Account and an alias account "KatFIsh". Defendant Taylor was

4 quoted as saying "They can look all they want but will never find anything on us".

5 Defendant Taylor's friend and his predecessor as County Supervisor, also part-time ADA,

6 Anthony Staskunas, denied the warrant after another ADA indicated there was enough

7 information to proceed.  Defendant Nelson interfered with the defendants Due Process

8 rights and in a conspiracy and under the color of law, violated the Plaintiffs First

9 Amendment rights.

10      39.     On August 12, 2024,  Defendant Vincent met with Judge Hannah Dugan

11 in the middle of the ongoing proceedings and went to lunch with Dugan.  Vincent asked

12 Dugan "hypothetically if a legislative assistant went to sit in at a personal court hearing at

13 the request of a County Supervisor is that acceptable?"  Vincent on at least one other

14 documented occurrence asked Dugan about the Plaintiffs criminal case trying to gain

15 information and have a conversation with Judge Dugan about the Plaintiff's case.  These

16 actions continue to show Defendant Vincent was intentionally interfering with the

17 Plaintiffs Due Process and potentially created a conflict of interest with the presiding

18 Judge affecting the Plaintiff's case.

19      40.     On August 22, 2024, the Plaintiff was denied bail bond modification of

20 GPS monitoring (Level 5) for a nonviolent offense.  This was in retaliation of the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

Plaintiffs exercising his First Amendment Rights by the Defendant Witte  On this same day the Plaintiff submitted a 300 page ethics complaint to Milwaukee County Corporation Counsel against Defendants Nelson and Eichmann and the same complaint to the Wisconsin Ethics Board against Taylor and Vincent. The reason given for denying the bail bond modification by the judge as requested by ADA Witte is that the Plaintiff was continuing to break the restraining order.  The Plaintiff used a pseudonym for Defendant Jastroch in a transcript attached as part of the Ethics Complaint that proved previous allegations  The allegation that Defendant Taylor and Vincent used their elected office to gain favor from the District Attorney's Office[SO3] .  This continues to show the animus the DA's office has for the Plaintiff and the continued retaliation of First Amendment Rights under the color of law by Defendant Witte.

41.    Defendant Nelson, in an open session of the Franklin Common Council on September 17, 2024, calls Franklin Community News, "Franklin Fake News" and Defendant Eichmann states FCN is "Fake News".  Defendant Eichmann further states, "we have been advised they (the defendants) cannot go after slander but are working on "other ways".   Defendants Nelson and Eichmann do not hide their conspiracy and retaliation in attacking the Plaintiffs First Amendment Rights.

42.    On September 18, 2024, Defendant Jastroch filed a police report with the Greendale Police department falsely indicating and intentionally providing false evidence, that the Plaintiff posted pictures of Plaintiff Jastroch on the Franklin

28

1 Community News Facebook Page. This was intentionally provided to the court by

2 Defendant Jastroch to have Judge Dugan severely sentence the Plaintiff. The police

3 report clearly indicates "ADA Schoepp reviewed the complaint and confirmed there was

4 no violation." According to the police report "Jastroch was contacted and was advised of

5 the same". Defendant Jastroch raises this issue and misleads the Judge (lies) not once

6 but twice on September 27, 2024, and November 22, 2024. As a direct impact from

7 Defendant Jastrochs lies, the Plaintiff was given additional bail bond restrictions and may

8 have received a sentence that the Plaintiff would not have otherwise received from the

9 Judge. Defendant Witte knowingly allowed Defendant Jastroch to present false and

10 misleading, which Defendant Witte knew was not true. This was the third time

11 Defendant Witte knew information presented by Defendant Jastroch was false and

12 misleading. Defendant Witte and had a duty to the Tribunal to correct the error and take

13 remedial action, which the Defendant did not, violating the Plaintiffs Due Process.

14     43.     October 13, 2024, as a result of publishing a blog on Franklin Community

15 News, an anonymous complaint letter, later to be determined to be written by Defendants

16 Eichmann and Nelson, was filed with the Franklin Police Department. Police investigate

17 and come to the Plaintiffs house and after a short conversation, shake the Plaintiffs hand

18 in the presence of the Plaintiffs wife Anna Marie Busalacchi, "case closed nothing here".

19 October 26, 2024 - Franklin Police Department sent via US mail a citation for disorderly

20 conduct, with no police report or indication of what the ticket was issued for initiated by

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 Plaintiffs Nelson and Plaintiffs Eichmann. This disorderly conduct citation is in direct

2 retaliation for the Plaintiffs blog about the Defendants. After two open records requests,

3 the Plaintiff has yet to have been provided with this police report as of March 8, 2025,

4 knowing what the citation was issued for and the facts surrounding the issuance of the

5 citation. It was sent to ADA and marked no process. Defendants Nelson and Eichmann

6 have conspired and retaliated against the Plaintiffs First Amendment under the color of

7 law and Due Process rights.

8      44. On October 24, 2024 a motion was presented in court after the charging

9 but prior to the sentencing, which was scheduled for another day, that the Plaintiff wanted

10 to replace his counsel. Based on the advice of the new counsel, Plaintiff was to withdraw

11 his plea due to the numerous First Amendment Rights, Fourteenth Amendment Rights,

12 and overreach of the restraining order. The court denied the Plaintiff his right of Due

13 Process and right to have counsel of his choosing. Additionally, Defendant ADA Witte

14 submitted a motion to have the Plaintiff remanded into custody because the Plaintiff

15 appeared and spoke with the Plaintiffs Wife, Anna Marie Busalacchi, at an open session

16 of the Greendale School Board on October 7, 2024. The Plaintiff and his wife were there

17 to speak on the board removing Defendant Vincent as President because of her widely

18 publicized "triple dipping" on her full-time job of teacher with the Kenosha Unified

19 School District and her involvement personally in the Plaintiffs case and contacting the

20 Plaintiffs Judge, Hannah Dugan to speak to her about the case. The Plaintiff was

30

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

reprimanded by the Judge because he made a substantiated claim that Judge Dugan went

to lunch in the middle of the Plaintiffs hearings with Defendant Vincent. There was no

gag order from the court about speaking publicly on the ongoing case. The defendant was

not remanded but was told under no circumstances he was allowed to use the internet

prior to the sentencing hearing. The Defendants Jastroch and Witte intentionally violated

and retaliated against the Plaintiffs First Amendment Rights and Due process.

45.     During the November 11, 2024 Milwaukee County Intergovernmental

Cooperation Council meeting, a meeting where mayors, village presidents, or

administrators from each of the 19 Milwaukee County municipalities share best practices,

Defendant Nelson is on the record as sharing his disdain for *the same people wasting

time and money requesting open records in addition to his disappoint that the state

declined not to prosecute a known individual so Franklin issued a municipal citation."*

This was directly referring to the Plaintiff and Defendant Nelson expressing his

retaliation against the Plaintiff for exercising his First Amendment Right and seeking

revenge under the color of law.

46.     During the sentencing on November 22, 2024, the Plaintiffs Due Process

was violated when ADA Witte falsely indicated to the Judge that there was a plea deal of

30 days stayed in the House of Correction. This was not factually correct. Email

correspondence will show on September 10, 2024 Attorney Schiro for the Plaintiff asked

for clarification from ADA Witte: "To be clear. My client wants confirmation that the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

State is not asking for any jail time , even with the probation recommendation. That is my understanding . Please confirm." Defendant Witte responded to Attorney Schiro on September 3, 2024, with: "That is correct! Our offer remains that we will recommend probation with terms up to the court along with a no contact order with the victim." When asked multiple times by the Judge what is the recommendation for Probation The ADA offered no recommendation for Probation. Defendant Witte continued her pursuit to have the Plaintiff serve time even with a plea deal of no Jail time. The Plaintiff was charged on November 22, 2024 with Violating a Restraining Order and sentenced to 74 days (Huber) in the Milwaukee County Community Reintegration Center. The Plaintiff was falsely imprisoned in a conspiracy for retaliation against his First Amendment Rights, under the color of law.

47.    In November 2024 Defendant Taylor posts to the "Franklin Group to Rule Them All" Facebook Group referring to Plaintiff, essentially admitting that the "Restraining Order, Conviction, and Sentencing, has not been about justice for Defendant Jastroch, but has been about retribution to the Plaintiff and his First Amendment rights and acting under the color of law.

Taylor posted:"Little does she ("Judge Dugan") know that he will serve his time and go right back to his fake news blog and continue his baseless (lies)

48.    On December 11, 2024, Defendant Nelson was documented physically showing a "screen shot" of a booking picture and personal information of the Plaintiffs booking into the Milwaukee County Community Reintegration Center.  This same

32

1 "screen shot" was texted to Defendant Vincent. Defendant Vincent had indicated she

2 obtained the "screen shot" from Defendant Nelson. The information obtained by

3 Defendant Nelson was not public domain information or information that could be

4 obtained via a public records request. The "screen shot" was a picture of a computer

5 screen which contained information only accessible by accessing a law enforcement data

6 system. A report was filed with the Franklin Police Department and the Milwaukee

7 County Sheriff's Department. After multiple conversations with Franklin Detective

8 Zalewski, the Detective declined to investigate and after multiple requests to refer the

9 investigation to another law enforcement agency, the Detective indicated he would not

10 refer the investigation to another agency. Defendant Nelson used his elected office to

11 commit fraud and related activity in connection with computers 18 U.S. Code § 1030 and

12 to interfere with the Due Process rights of the Plaintiff.

13     49.     On December 27, 2024, while the Plaintiff was serving his sentence at the

14 Milwaukee County Community Reintegration Center, Defendant Vincent, using her

15 elected office, had called the Assistant Superintendent of the Reintegration Center,

16 Anthony Dodds to complain about the Plaintiff. Defendant Taylor also called Dodds that

17 same day to complain about the Plaintiff and told Dodds that the Plaintiff "can't be on the

18 internet." No such court order was issued. The Plaintiff was on Huber release and no

19 such restriction is required of Huber residents at the Franklin Community Reintegration

33

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

Center. These actions are continued conspiracy and retaliation against the Plaintiffs First Amendment Rights.

50.     December 2024 - Defendant Vincent shares that Defendant Taylor told her (Vincent) that Defendant Taylor has found out that Defendant Jastroch has lied to him about everything including all of the allegations Defendant Jastroch made about the Plaintiff.  Defendant Taylor told Defendant Vincent that he (Defendant Taylor) is so angered that Defendant Jastroch used him; Defendant Taylor is now going after Defendant Jastroch and her job at the South Suburban Chamber.  On January 9, 2025, Defendant Taylor had a conversation with Jason Cyborowski, friend of the Plaintiff and Village President of Greendale.  Defendant Taylor asks Cyborowski why Defendant Jastroch was fired from Greendale and asks many questions pertaining to the Plaintiffs relationship with Defendant Jastroch and Defendant Jastrochs allegations against the Plaintiff.  Cyborowski indicated that Defendant Taylor was incensed at learning that all of the allegations and claims Defendant Jastroch had made to him about the Plaintiff were false.  Defendant Taylor told Cyborowski that he was sorry for what he had done to the Plaintiff and indicated to Cyborowski that he was now going to go after Defendant Jastroch and her job for using him (Defendant Taylor).  Conversations show intent and proof that Defendant Taylor, Vincent, and Nelson, worked in a conspiracy with Defendant Jastroch to retaliate and act under the color of law to deprive the Plaintiff of his First Amendment and Due Process rights.

34

1    51.    On February 16, 2025 a request, with proof of evidence, was submitted to

2 the Greendale Police Department to investigate police reports submitted from February 1,

3 2022 thru September 18, 2024 by Defendant Jastroch against the Plaintiff. The Plaintiff

4 requested charges be brought against Defendant Jastroch for providing false information

5 and physical evidence with the intent of misleading the officer. On the same day a public

6 records request was made to the Greendale Police Department for any video or audio that

7 may exist from the September 18, 2025 report Defendant Jastroch filed alleging the

8 Plaintiff posted pictures of Defendant Jastroch on Facebook. The Chief of Greendale

9 Police, Ryan Rosenow denied both requests. The Plaintiff claims this is a violation of his

10 First Amendment Rights and Due Process.

11                **FIRST CLAIM FOR RELIEF**
12            **Violation of First Amendment, as applied to the states**
13                **under the Fourteenth Amendment**
14            **(Against All Defendants 42 U.S.C § 1983)**

15    52.    Plaintiff re-alleges and incorporates by reference all of the preceding

16 paragraphs in this Complaint.

17    53.    Defendants deprived, and are continuing to deprive, Plaintiff of the rights

18 and due process secured to him by the United States Constitution.

19    54.    By the actions outlined in the complaint, Defendants violated, and are

20 continuing to violate, Plaintiff's right to free speech and expression, in particular his

21 political expression, as guaranteed by the First and Fourteenth Amendment to the U.S.

22 Constitution.

35

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

55.     Defendants' actions are in whole or in part, unlawfully motivated by their disagreement with the Plaintiff's viewpoint concerning his political stance and belief that the defendants, working together, are engaging in corruption in the City of Franklin or out of animus for the Plaintiffs advocacy to publicly expose corruption, and therefore their actions also constitute unlawful viewpoint discrimination.

56.     Defendant's motives in violating the Plaintiffs Fourteenth Amendment rights was with an indifference to the constitutional given right, driven with an evil motive and intent, which was callous and reckless toward harming the Plaintiff.

57.     In depriving the Plaintiff of these rights, filing a restraining order not for its true intended purpose, initiating a false civil citation for disorderly conduct, employment interference, as well as other documented actions in this complaint, Defendants acted under the color of state law and deprived the Plaintiff of Due Process. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C § 1983.

## SECOND CLAIM FOR RELIEF
**Violation to Conspire and Retaliate against First Amendment**
**(Against All Defendants 18 U.S.C. § 241)**

58.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

59.     Defendants conspired to deprive and retaliate, and are continuing to deprive, and retaliate against Plaintiffs of the rights secured to him by the United States Constitution.

36

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE DAMAGES

1      60.      By the actions outlined in the complaint, Defendants conspired and are

2 continuing to conspire against the Plaintiff for exercising the Plaintiff's right to free

3 speech and expression, in particular his political expression, as guaranteed by the First

4 Amendment.

5      61.      Defendant's motives in violating the Plaintiffs First Amendment rights

6 were with an indifference to the constitutional given right, driven with an evil motive and

7 intent, which was callous and reckless toward harming the Plaintiff.

8      62.      Defendants' actions are in whole or in part, unlawfully motivated by their

9 disagreement with the Plaintiffs viewpoint concerning his political stance and belief that

10 the defendants, working together, are engaging in corruption in the City of Franklin or

11 out of animus for the Plaintiffs advocacy to publicly expose corruption, and therefore

12 their actions also constitute unlawful viewpoint discrimination.

13      63.      In depriving the Plaintiff of these rights, conspiring to file a restraining

14 order not for its true intended purpose, initiating a false civil citation for disorderly

15 conduct, employment interference as well as other documented actions in the complaint,

16 Defendants acted and conspired under the color of state law.  This conspiracy against the

17 Plaintiff for exercising his First Amendment Rights is actionable under 18 U.S.C. 241.

18
19
20
21
22
23
24

37

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

**THIRD CLAIM FOR RELIEF**
**Violation to Conspire and Retaliate against First Amendment to**
**Falsely Imprison Plaintiff under the Fourteenth Amendment**
**(Against All Defendants 18 U.S.C. § 1001 & 18 U.S.C. § 1509)**

64.    Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

65.    Defendants conspired to deprive and retaliate, and are continuing to deprive, and retaliate against Plaintiffs of the rights secured to him by the United States Constitution.

66.    By the actions outlined in the complaint, Defendants conspired against the Plaintiff for exercising the Plaintiff's right to free speech and premeditatively planned to have him falsely imprisoned against the Fourteenth Amendment in particular because of his political expression, as guaranteed by the First Amendment.

67.    Defendant's motives in violating the Fourteenth Amendment rights were with an indifference to the constitutional given right, driven with an evil motive and intent, which was callous and reckless toward harming the Plaintiff.

68.    Defendants' actions are in whole or in part, unlawfully motivated by their disagreement with the Plaintiff's viewpoint concerning his political stance and belief that the defendants, working together, are engaging in corruption in the City of Franklin or out of animus for the Plaintiffs advocacy to publicly expose corruption, and therefore their actions also constitute unlawful viewpoint discrimination.

38

1   69.   In depriving the Plaintiff of these rights, conspiring to file a restraining

2 order not for its true intended purpose, misuse of public office to achieve a desirable

3 outcome under the color of law. This conspiracy against the Plaintiff for exercising his

4 First Amendment Rights is actionable under 18 U.S.C. § 1001 & 18 U.S.C. § 1509

5                          **FOURTH CLAIM FOR RELIEF**
6            **Commits fraud and related activity in connection with computers**
7                   **(Against Defendant Nelson 18 U.S. Code § 1030)**
8
9   70.   Plaintiff re-alleges and incorporates by reference all of the preceding

10 paragraphs, specifically paragraph 48 in this Complaint.

11   71.   Defendant Nelson committed fraud relating to activity in connection with

12 computers by accessing a "screenshot" of the Plaintiffs booking information from a

13 non-authorized account without authorization.  The information obtained was not from a

14 public source or part of any open record but from a secure law enforcement system.

15   72.   Defendant Nelson further committed fraud by sending text messages of

16 the "screen shot" containing the Plaintiffs protected information.

17   73.   Defendant's motives in committing and related activity in connection with

18 computers, was with an indifference to the constitutional given First Amendment Right,

19 driven with an evil motive and intent which was callous and reckless toward harming the

20 Plaintiff.

21   74.   Defendants' actions are in whole or in part, unlawfully motivated by his

22 disagreement and disdain with the Plaintiff's viewpoint concerning his political stance

39

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1 and belief that Defendant Nelson is engaging in corruption in the City of Franklin and out
2 of animus for the Plaintiffs advocacy to publicly expose corruption.

3      75.    In illegally obtaining this federally protected computer information,
4 Defendant Nelson is in violation of 18 U.S Code § 1030, fraud and related activity in
5 connection with computers.

6                    **FIFTHCLAIM FOR RELIEF**
7      **Violation of Article 1, Section 3 of the Wisconsin State Constitution**
8                      **(Against All Defendants)**

9      76.    Plaintiff re-alleges and incorporates by reference all of the preceding
10 paragraphs in this Complaint.

11      77.    Defendants deprived, and are continuing to deprive, Plaintiff of the rights
12 secured to him by the Wisconsin Constitution.

13      78.    Defendants' above-described conduct violated Plaintiff's right to freedom
14 of speech under Article 1, Section 2 of the Wisconsin Constitution.

15      79.    Defendant's motives in violating Article 1, Section 3 of the Wisconsin
16 State Constitution, was with an indifference to the constitutional given right driven with
17 an evil motive and intent which was callous and reckless toward harming the Plaintiff.

18
19
20
21
22
23

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

## SIXTH CLAIM FOR RELIEF
### Violation of Article 1, Section 4 of the Wisconsin State Constitution
### (Against All Defendants)

80.     Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs in this Complaint.

81.     Defendants deprived, and are continuing to deprive Plaintiff of the rights secured to him by the Wisconsin Constitution.

82.     Defendants' above-described conduct violated Plaintiff's right to assemble and petition under Article 1, Section 2 of the Wisconsin Constitution.

83.     Defendant's motives in violating Article 1, Section 4 of the Wisconsin State Constitution, were with an indifference to the constitutional given right driven with an evil motive and intent which was callous and reckless toward harming the Plaintiff.

41

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE DAMAGES

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the following relief

84. An order declaring that the Defendants violated the Plaintiff's rights protected under the First Amendment of the United States Constitution and the Wisconsin State Constitution.

85. An order declaring that the Defendants engaged in unlawful viewpoint discrimination in violation of the First Amendment of the United States Constitution and the Wisconsin State Constitution.

86. An order declaring that the Defendants conspired together to retaliate against the Plaintiff's rights protected under the First Amendment of the United States Constitution.

87. An order declaring that the Defendants violated the Plaintiff's Due Process rights protected under the Fourteenth Amendment of the United States Constitution.

88. An order preliminarily and then permanently enjoining Defendants and their employees and all other persons or entities in active concert or privity or participation with them, from restraining, prohibiting, or suppressing the Plaintiff from freely expressing his First Amendment Rights without fear of retribution or retaliation relating to the Defendants positions in public office or as a public figures.

89. An order directing Defendants to take such affirmative steps necessary to remediate the past restraints to Plaintiff's expression of his First Amendment Rights by notifying in writing the residents of Franklin and Greendale of the actions taken against

42

1 the Plaintiff by Defendant's Taylor, Nelson, Eichmann and Defendant Jastroch and for

2 exercising his First Amendment Rights and the ruling of this Court in the associated

3 Franklin/Greendale Official Government Facebook Page and in the corresponding

4 newsletter to resident homes. Additionally, Defendant Jastroch sends a letter to the South

5 Suburban Chamber of Commerce board and all members during her employment

6 explaining to them that she lied to them and worked with the other Defendants in a

7 conspiracy to retaliate against the Plaintiffs First Amendment Rights. In addition,

8 Plaintiffs Jastroch, Taylor, Nelson, Eichmann, and Vincent are required to take a

9 face-to-face college credit, ethics class, within the next 150 days, pursuant to reasonable

10 time, place, and manner restrictions.

11    90.    An order enjoining Defendants and their officers, agents, affiliates,

12 subsidiaries, servants, employees and all other persons or entities in active concert or

13 privity or participation with them, from taking retaliatory action against Plaintiff or his

14 family, relatives, friends, or agents for bringing this lawsuit or for advocating for his free

15 speech and due process rights.

16    91.    A judgement for Plaintiff of Compensatory Damages relating to loss of

17 future income for the next 10 years of $1,607,721, $160,721 annual salary loss x 10

18 years (65 years of age) = $1,607,216. The Plaintiff is requesting Judgment to be split by

19 the following Defendants; Jastroch $321,440 (20), Taylor $642,886 (40%), Nelson

20 $642,886 (40%).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

1   92.   A judgement for Plaintiff of Compensatory Damages relating to pain,

2 suffering, injury to reputation, pain and suffering for false imprisonment, and emotional

3 distress of $2,150,000. As a result of the actions by Defendants the, Plaintiff has been

4 diagnosed with depression, attends ongoing therapy, was hospitalized with heart related

5 issues caused by stress and prescribed medication that will permanently be required by

6 the Plaintiff for the rest of his life. In addition the Defendants caused proven irreparable

7 public damage to the Plaintiffs reputation. Plaintiff is requesting that the judgement be

8 split by the following Defendants; Jastroch $500,000, Nelson $500,000 Taylor $500,000,

9 Vincent $200,000, Eichmann $100,000, Chisholm $200,000, Witte $150,000.

10   93.   A judgement for Plaintiff of Punitive Damages as the Defendants acted in

11 a conspiracy to maliciously and recklessly retaliate against the Plaintiffs Constitutionally

12 Protected Rights of $2,000,000. Plaintiff is requesting that the judgement be split by the

13 following Defendants; Jastroch $500,000, Taylor $500,000, Nelson[SO4] $500,000,

14 Vincent $250,000, Eichmann $250,000.

15   94.   An award to Plaintiff of reasonable attorney's fees and cost incurred in

16 connection with this action from the Defendants.

17   95.   An award to Plaintiff of reasonable attorneys' fees and costs incurred in

18 connection with the Injunction of May 15, 2023, DeNovo Hearing of November 30,

19 2023, and Criminal Complaint of May 30, 2024.

20   96.   Retain jurisdiction of this matter to enforce the terms of the Court's orders.

44

1     97.     An order granting such further and different relief as this court may deem

2 just and proper or that is necessary to make the Plaintiff whole..

3

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY/PUNITIVE
DAMAGES

E.    JURY DEMAND

I want a jury to hear my case.

☑ – YES          ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this _____13_____ day of _____March_____ 20 25 .

Respectfully Submitted,

*Richard A. Busalacchi*

Signature of Plaintiff

414-232-0709

Plaintiff's Telephone Number

rabusalacchi@gmail.com

Plaintiff's Email Address

7772 West Tuckaway Shores Drive

Franklin, WI 53132

(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☐    I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☑    I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5