# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICHARD BUSALACCHI,**

            **Plaintiff,**

      **v.**                                         **Case No. 25-CV-387**

**KRISTIN JASTROCH, et al.,**

            **Defendants.**

---

## ORDER

---

**1. Background**

On March 14, 2025, plaintiff Richard Busalacchi (then proceeding pro se) filed his second amended complaint against the following defendants: Kristin Jastroch, Steve Taylor, Kathleen Vincent, John Nelson, Michelle Eichmann, John Chisholm, Madeline Witte, the City of Franklin, and the Village of Greendale. (ECF No. 3.) He sues District Attorney Chisholm and Assistant District Attorney Witte in their official capacities, and each of the remaining individual defendants in both their individual and official capacities. (ECF No. 3 at 2.)

Busalacchi alleges the defendants violated his free speech rights, with acts stemming from what he describes as "a two-year controlling and manipulative

extramarital affair" he had with Jastroch. (ECF No. 3, ¶ 3.) After Busalacchi attempted to prove the affair and Jastroch denied it, Busalacchi created an "online blog to expose the truth about Defendant Jastroch['s] lies about [him][.]" (*Id.*) On May 15, 2023, the Milwaukee County Circuit Court entered a four-year harassment injunction order against Busalacchi, ordering him to cease contacting, harassing, or posting about Jastroch. (*Id.*, ¶ 4); *Petitioner v. Busalacchi*, Milwaukee County Case No. 2023CV003119, Wisconsin Circuit Court Access, https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CV003119&countyNo=40&index=0&mode=details (last visited June 23, 2025). Later that month, Busalacchi was charged with violating the restraining order, to which he pled guilty and served time in the Milwaukee County Community Reintegration Center. *State v. Busalacchi*, Milwaukee County Case No. 2024CM001419, Wisconsin Circuit Court Access, https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CM001419&countyNo=40&mode=details (last visited June 23, 2025).

Each count of Busalacchi's complaint centers around these events. He alleges that the defendants conspired to retaliate against him and deprive him of his rights, including by "filing a restraining order" and "hav[ing] him falsely imprisoned[.]" (ECF No. 3, ¶¶ 54-84.) He brings the following claims: violation of First Amendment pursuant to 18 U.S.C. § 1983, 18 U.S.C. § 241, 18 U.S.C. § 1001, and 18 U.S.C. § 1509; fraud in connection with a computer pursuant to 18 U.S.C. § 1030 (against Nelson only);

and violations of Article 1, Sections 3 and 4 of the Wisconsin Constitution. (*Id.*) Nearly every count is alleged "against all defendants" (Count Three excludes the City of Franklin and Village of Greendale, and Count Four is against Nelson only).

The defendants all filed motions to dismiss, arguing, among other things, that the complaint must be dismissed pursuant to the *Rooker–Feldman* doctrine, *Younger* abstention doctrine, and the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF Nos. 9, 18, 26, 27.) Busalacchi obtained counsel (ECF No. 35) and filed a response, conceding that these doctrines require his complaint be dismissed but arguing that it should be dismissed without prejudice (ECF No. 38). Defendants each replied, requesting that the Court consider their remaining arguments for dismissal and dismiss the complaint with prejudice. (ECF Nos. 40, 41, 42, 43.)

All parties have consented to the jurisdiction of this Court (ECF Nos. 5, 8, 12, 15, 21) and the motions are fully briefed and ready for resolution.

## 2. Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's subject-matter jurisdiction. The court is required to consider subject-matter jurisdiction as the first question in every case, and a suit must be dismissed if such jurisdiction is lacking. *Jakupovic v. Curran*, 850 F.3d 898, 902, (7th Cir. 2017). The district court must accept all well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Bultasa Buddhist Temple v. Nielsen*, 878

3

Case 2:25-cv-00387-WED     Filed 06/24/25     Page 3 of 8     Document 44

F.3d 570, 573 (7th Cir. 2017); *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). However, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

The defendants also move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While the court accepts the plaintiff's well-pled factual allegations as true and draws all reasonable inferences in the plaintiff's favor, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. *Iqbal*, 556 U.S. at 679.

3. Analysis

As Busalacchi admits (ECF No. 38 at 1-3), his underlying state-issued restraining order and state criminal conviction, which is the subject of a pending appeal, require his complaint be dismissed pursuant to the *Rooker–Feldman* doctrine, *Younger* abstention doctrine, and *Heck v. Humphrey*. *See Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (discussing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*,

460 U.S. 462 (1983)) ("[T]he *Rooker–Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments ….'" (quoting *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000))); *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)) ("The *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings."); *Heck*, 512 U.S. at 487 (a plaintiff may not pursue a civil claim that "would necessarily imply the invalidity of his conviction or sentence"). "[L]itigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996).

Generally, a case that is dismissed for lack of subject-matter jurisdiction is dismissed without prejudice. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004). But "a suit that either is frivolous or, though it is outside the court's jurisdiction for some other reason, intended to harass, can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought—anywhere." *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013).

Busalacchi's suit has several other problems. First, he brings claims under federal criminal statutes with no civil cause of action (18 U.S.C. §§ 241, 1001). *See Cort v. Ash*, 422 U.S. 66, 79-80 (1975) (noting that "a bare criminal statute, with absolutely no

5
Case 2:25-cv-00387-WED   Filed 06/24/25   Page 5 of 8   Document 44

indication that civil enforcement of any kind was available to anyone," does not provide an implied cause of action which may be pled by a civil litigant); *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (discussing 18 U.S.C. § 241 and citing that "[i]t is well settled no private right of action inheres in [this] criminal provision[]"); *Hicks v. Resol. Tr. Corp.*, 767 F. Supp. 167, 171 (N.D. Ill. 1991) (dismissing a civil action brought under 18 U.S.C. § 1001, "which provide[s] for the imposition of criminal penalties," for lack of jurisdiction, noting the "[p]laintiff may not bring and prosecute a criminal proceeding"). Furthermore, Busalacchi sues district attorneys Chisholm and Witte in their official capacities even though they are immune under the Eleventh Amendment from suits for monetary damages against them in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."); *Crosetto v. State Bar of Wis.*, 12 F.3d 1396, 1401 (7th Cir. 1993), *cert. denied*, 511 U.S. 1129 (1994) (Eleventh Amendment immunity extends to state officials and employees when they are sued in their official capacity).

These are some of the grounds on which the defendants request the court dismiss this case with prejudice under Rule 12(b)(1), along with other arguments under Rule 12(b)(6). But the Seventh Circuit's direction on how to dispose of a case when the *Rooker–Feldman* doctrine applies is unequivocal: "[T]he right disposition, when the *Rooker–Feldman* doctrine applies, is an order under Fed. R. Civ. P. 12(b)(1) dismissing the

suit for lack of subject-matter jurisdiction." *Frederiksen*, 384 F.3d at 438-39 ("Some of our decisions … have affirmed dismissals 'without prejudice,' which misleadingly implies that the plaintiff may pursue the same claim again in federal court, or 'with prejudice,' which implies that even a state court is powerless to act."). The court explained:

> The *Rooker–Feldman* doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot *also* be dismissed "with prejudice"; that's a disposition on the merits, which only a court with jurisdiction may render. *See Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). "No jurisdiction" and "with prejudice" are mutually exclusive. When the *Rooker–Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits. *See T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997).

*Frederiksen*, 384 F.3d at 438.

Accordingly, the complaint will be dismissed for lack of subject-matter jurisdiction.

**4. Conclusion**

**IT IS THEREFORE ORDERED** that the defendants' motions to dismiss (ECF Nos. 9, 18, 26, 27) are GRANTED. The complaint is dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that defendants Village of Greendale's and Jastroch's motion to seal is GRANTED IN PART AND DENIED IN PART. The Court finding good cause, the motion is **granted** as to the declaration of Jasmyne Baynard and

the exhibits attached thereto. Pursuant to Rule 79(d) of the General Local Rules of the United States District Court for the Eastern District of Wisconsin, the declaration and attached exhibits, filed on April 4, 2025, in the above-named case (ECF No. 25) shall be **SEALED** until further order of this Court. The motion to seal is **denied** as to the motion to dismiss (ECF No. 27) and brief in support of the motion to dismiss (ECF No. 34) for failure to show good cause.

Dated at Milwaukee, Wisconsin this 24th day of June, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge